IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
SOUTHERN DIVISION

| | | |
|---|---|---|
| DAVID R. PHILPOT, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 05-3320-SSA-CV-S-WAK |
| | ) | |
| JO ANNE B. BARNHART, Commissioner, | ) | |
| Social Security Administration, | ) | |
| | ) | |
| Defendant. | ) | |

## ORDER

Claimant David R. Philpot seeks judicial review,[1] pursuant to 42 U.S.C. § 405(g), of a final administrative decision denying disability benefits under Title II of the Social Security Act, 42 U.S.C. §§ 401, *et seq*., and Supplemental Security Income benefits under Title XVI of the Social Security Act, 42 U.S.C. §§ 1383, *et seq*. He claims he became disabled beginning on August 23, 2002. The parties' briefs were fully submitted, and on April 19, 2006, an oral argument was held.

"Title II of the Social Security Act provides for the payment of insurance benefits to persons who suffer from a physical or mental disability, and Title XVI provides for the payment of disability benefits to indigent persons. The Act further provides that 'an individual shall be determined to be under a disability only if his physical or mental impairment or impairments are of such severity that he is not only unable to do his previous work but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy . . . .' 42 U.S.C. § 423(d)(2)(A) (2003)." Lewis v. Barnhart, 353 F.3d 642, 645 (8th Cir. 2003).

In reviewing the administrative record, the court must sustain the Commissioner's decision if the findings are supported by substantial evidence on the record as a whole. 42

---

[1] With the consent of the parties, this case was assigned to the United States Magistrate Judge, pursuant to the provisions of 28 U.S.C. § 636(c).

U.S.C. § 405(g); Young v. Apfel, 221 F.3d 1065, 1068 (8th Cir. 2000). The court may not, however, "rubber stamp" the Commissioner's decision, but must examine both the evidence that supports and detracts from the administrative determination. Piercy v. Bowen, 835 F.2d 190, 191 (8th Cir. 1987); Cline v. Sullivan, 939 F.2d 560, 564 (8th Cir. 1991).

The claimant has the initial burden of establishing the existence of a disability as defined by 42 U.S.C. § 423(d)(1). See Roth v. Shalala, 45 F.3d 279, 282 (8th Cir. 1995). To meet the statutory definition, "the claimant must show (1) that he has a medically determinable physical or mental impairment which will either last for at least twelve months or result in death, (2) that he is unable to engage in any substantial gainful activity, and (3) that this inability is the result of his impairment." McMillian v. Schweiker, 697 F.2d 215, 220 (8th Cir. 1983).

If the claimant establishes the impairment is sufficiently severe to prevent return to a former occupation, the burden shifts to the Commissioner to produce evidence the claimant can perform other substantial gainful employment. Buck v. Bowen, 885 F.2d 451, 454 (8th Cir. 1989). The Commissioner need not find a specific job opening for the claimant, but must demonstrate that substantial gainful activity is realistically within the capabilities of the claimant. McMillian, 697 F.2d at 221.

When reviewing the record to determine if there is substantial evidence to support the administrative decision, the court considers the educational background, work history and present age of the claimant; subjective complaints of pain or other impairments; claimant's description of physical activities and capabilities; the medical opinions given by treating and examining physicians; the corroboration by third parties of claimant's impairments; and the testimony of vocational experts when based upon proper hypothetical questions that fairly set forth the claimant's impairments. McMillian, 697 F.2d at 221.

Claimant Philpot was born in 1957 and has a high school education. His work experience includes books sales, retail management, furniture sales, hardware sales, building consultations, cleaning rugs and serving as a door keeper. He initially claimed disability on the basis of back pain, depression and post-traumatic stress disorder. At the time of the administrative hearing, he was 5' 10" tall and weighed approximately 300 pounds.

After considering the evidence of record, the Administrative Law Judge (ALJ) found claimant had the following severe impairments: lumbar degenerative disc disease with chronic

radiculopathy; obesity; major depression; post-traumatic stress disorder; and a personality disorder with avoidant, narcissistic and borderline features.  Nonsevere impairments were listed as hypertension, ingrown toe nails, dermatitis, sleep apnea and being an alcoholic in remission.[2]  The ALJ did not find claimant's allegations of the severity of his impairments to be totally credible, and ultimately determined he had the residual functional capacity to perform a wide range of sedentary work, within certain parameters.  Examples of jobs claimant could do were identified as final assembler and table worker.

Plaintiff challenges the findings of the ALJ on several grounds.  Plaintiff asserts the ALJ failed to give proper weight to the opinions of the treating physicians, the ALJ did not properly apply the factors set forth in Polaski v. Heckler, 739 F.2d 1320 (8th Cir. 1984) with regard to his credibility, and the appeals council failed to appropriately consider the new evidence that was submitted.

The administrative record in this case shows a claimant who had substantial and steady earnings between 1992 and 2002, although there is some evidence that he lost his last job due to poor attendance and alcohol abuse.  He went from living independently and maintaining employment to living in a vocational rehabilitation residence and being unable to maintain full-time competitive employment.  Over time, he gained substantial weight, experienced memory problems and drowsiness from his medications, had muscle spasms and pelvic pain and slept at night with a CPAP machine for his sleep apnea.  He testified to being limited in his ability to walk and stand for any period of time, stated he occasionally uses a cane to walk, and indicated he lays down for 1.5 to 2 hours each day.  There is some indication he had some suicide attempts, sees things, was the victim of sexual abuse and incest as a child, and continues to suffer from bad nightmares several times a week.

The medical records clearly establish by objective testing that claimant has back pain, radiculopathy, degenerative disc and joint disease.  Pain medications were prescribed and periodically changed due to side effects.  Claimant underwent physical therapy, had some periods of weight loss followed by additional weight gain, and generally experienced progressive

---

[2]One physician diagnosed obsessive-compulsive disorder, but that impairment is not mentioned by the treating physicians and/or psychiatrists.

pain. The records also show considerable treatment for mental conditions, and several low GAF scores.

Philpot asserts the ALJ failed to give adequate weight to the opinions of his treating doctors and mental health providers.

"It is the ALJ's function to resolve conflicts among the opinions of various treating and examining physicians. See Jenkins v. Chater, 76 F.3d 231, 233 (8th Cir. 1996); Bentley v. Shalala, 52 F.3d 784, 785 (8th Cir. 1995). The ALJ may reject the conclusions of any medical expert, whether hired by the claimant or the government, if they are inconsistent with the record as a whole. Bentley, 52 F.3d at 786." Pearsall v. Massanari, 274 F.3d 1211, 1219 (8th Cir. 2001).

In this case, the ALJ gave little weight to the opinions of the treating health care providers that claimant suffered from mental impairments that would preclude work because of distraction, an inability to maintain attention and concentration for extended periods, and problems with memory and the ability to understand instructions. Likewise, the ALJ does not appear to have given much, if any, weight to the opinion of the treating physician that claimant would need to rest for approximately 15 - 20 minutes every two hours during the work day because of his pain.[3]

The Eighth Circuit has repeatedly held that "the inquiry must focus on the claimant's ability 'to perform the requisite physical acts day in and day out, in the sometimes competitive and stressful conditions in which real people work in the real world.'" Tang v. Apfel, 205 F.3d 1084, 1086 (8th Cir. 2000). While claimant's condition may change for the better or worse with treatment and time, during the period at issue and with reference to the administrative record, the court does not find substantial evidence on the record as a whole to support the administrative decision in this case. At the time of the decision, the record did not support the conclusion that claimant had the physical and mental residual functional capacity to perform a wide range of sedentary work.

For these reasons and those set forth in more detail in the claimant's brief and at the oral argument, it is

---

[3]More frequent rest was indicated in a subsequent statement.

4

Case 6:05-cv-03320-WAK   Document 16   Filed 05/10/06   Page 4 of 5

ORDERED that the decision of the Commissioner is reversed and the case is remanded to the Commissioner under Sentence 4, 42 U.S.C. § 405(g), for an award of benefits.

Dated this 10th day of May, 2006, at Jefferson City, Missouri.

/s/ *William A. Knox*

WILLIAM A. KNOX
United States Magistrate Judge

5